IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-cv-733-J-34JBT

RANDY CHAMBERS,

    Plaintiff,

v.

RESOLVE COLLECTION CORPORATION,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, RANDY CHAMBERS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, RESOLVE COLLECTION CORPORATION ("Defendant") or ("Resolve") is a corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt, Defendant Resolve called Plaintiff via residential telephone line on April 20, 2011 at 7:20 P.M., and in such instance, left a voicemail in which Defendant identified itself as "Resolve and New Loan Counselors," a business, company or organization name other than the true name of Defendants' businesses, companies or organizational names. Further, when Defendant stated, "Help from Fannie Mae is available," the least sophisticated consumer would believe Defendant and "Fannie Mae" are the same entities.

12. In connection with collection of an alleged debt, Defendant called Plaintiff via residential telephone line on May 9, 2011, and in such instance, left a voicemail in which Defendant identified itself as "Resolve and New Loan Counselors," a business, company or

organization name other than the true name of Defendants' businesses, companies or organizational names.

13. In connection with the collection of an alleged debt, Defendant placed telephone calls to Plaintiff's residential telephone line on April 20, 2011 at 7:20 P.M. and May 11, 2011 at 1:30 P.M. and in both instances, left a voicemail message in which Defendant represented a false sense of urgency with regard to said calls for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating that "this may be the last time we can call you."

14. In connection with the collection of an alleged debt, Plaintiff called Defendant on April 21, 2011 and at such time, Defendant's agent and/or employee stated, "this is an attempt to collect a debt. Any and all information will be used for that purpose," but later stated, "But sir, understand: we're not doing any collections". As such, Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. §1692d(6) by failing to disclose Defendant's true corporate name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. §1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

20. Defendant violated 15 U.S.C. § 1692e(14) by falsely using a business, company or organization name other than the true name of Defendant's business, company or organization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(14);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of July, 2011.

> Respectfully submitted,
> **RANDY CHAMBERS**
>
> By: _____
> ALEX D. WEISBERG
> FBN: 0566551
> WEISBERG & MEYERS, LLC
> ATTORNEYS FOR PLAINTIFF
> 5722 S. Flamingo Rd, Ste. 656
> Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@attorneysforconsumers.com